IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01272–PAB–KMT

MARCO A. ROCHA,

    Plaintiff,

v.

CDOC DIRECTOR (S) A. ZAVARAS,
FMCC WARDEN RON LEYBA,
FMCC LT. POTTER,
FMCC SGT. STEVENS,
AND OTHER UNNAMED DEFENDANTS, under their official and individual capacities,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves civil rights claims by an inmate incarcerated at the Colorado Department of Corrections. The matter comes before the court on a Motion to Dismiss by Defendants Zavaras, Potter and Stevens (Doc. No. 13, filed 9/13/10), a Motion to Dismiss by Defendant Leyba (Doc. No. 22, filed 10/13/10), and on Plaintiff's Motion to Amend the Complaint (Doc. No. 20 [Mot. Amend], filed 10/4/10). For the reasons that follow, the court recommends that the Defendants' Motions to Dismiss be GRANTED and Plaintiff's Motion to Amend be DENIED.

## STATEMENT OF THE CASE

The following account is taken from Plaintiff's Prisoner Complaint. (Doc. No. 3 [Compl.].) Plaintiff is incarcerated within the Colorado Department of Corrections. He asserts various claims relating to his placement on "restricted privileges" (RP) status and an injury he suffered while moving a metal structure while on RP status. Plaintiff alleges that, on June 5, 2008, in response to his attempt to informally complain about the arbitrary conduct of kitchen staff, the kitchen supervisor gave him a "low work evaluation" which resulted in his placement on RP status. According to Plaintiff, on June 11, 2008, Defendant Stevens ordered inmates on RP status, dressed in orange jumpsuits, to help inmates not on RP status, dressed in green jumpsuits, move a heavy metal structure. Defendant Potter instructed the inmates to unload the structure before moving it and left the "greens" in charge of the project. Plaintiff alleges that the inmates in green were not allowed to communicate "in any form with the inmates in orange." (*Id.* at 5.) Due to this lack of communication, some inmates pushed the metal structure without warning Plaintiff who was unloading the structure, pressing him between a metal fence and sharp metal object. He suffered "a serious cut [to his] hand and arm [that required] 8 stitches and 2 fliers." (*Id.*)

Plaintiff asserts a First Amendment violation for his placement on RP in retaliation for his attempt to grieve and for restricting his communication with other inmates. (*Id.* at 6, 8, 10, 12.) He asserts an Eighth Amendment violation for the physical injury he suffered and for the infliction of mental anguish related to his placement on RP. (*Id.*) Finally, he asserts a

Fourteenth Amendment violation for "class-based or racially motivated" discrimination and "class of one" discrimination to punish him "for exercise constitutional [sic] right." (*Id.*)

Plaintiff seeks an injunction "on erradication [sic] of 'Restricted Privileges' practice in ralation [sic] to the complained form of its implementation" and an injunction "requiring CDOC to create internal operational policy replacing or erradicating [sic] the actual staff pattern of pervassive [sic] retaliation on inmate's grievances, and for an effective compliance with policy on inmates safety . . . ." (*Id.* at 18.) He also requests $150,000.00 in compensatory damages against each defendant jointly and severally, costs of litigation, and punitive sanctions against each defendant jointly and severally, in any amount deemed proper. (*Id.*)

## PROCEDURAL HISTORY

Plaintiff filed his Prisoner Complaint on June 2, 2010. On September 13, 2010, Defendants Zavaras, Potter and Stevens moved to dismiss on the grounds that 1) Plaintiff's claims for damages against Defendants in their official capacities are barred by the Eleventh Amendment; 2) Plaintiff failed to allege facts showing personal participation by Defendant Zavaras; 3) Plaintiff failed to state a claim with regard to his Eighth Amendment, equal protection, and due process claims, and his claim for retaliation; and 4) Defendants are entitled to qualified immunity. (Doc. No. 13 at 3-11.) On October 13, 2010, Defendant Leyba, who had not been served as of September 13, 2010, filed his own Motion to Dismiss, in which he joined the motion of Defendants Zavaras, Potter and Stevens and, additionally, argued that Plaintiff failed to allege facts showing his personal participation. (Doc. No. 22 at 1.) Plaintiff responded to both motions to dismiss on October 26, 2010. (Doc. No. 26.) Defendants did not reply.

On October 4, 2010, Plaintiff filed a Motion to Amend the Complaint. (Doc. No. 20.) He seeks to clarify that he is suing the Defendants in their individual capacities only and seeks to add the CDOC and the FMCC as defendants. Defendants filed a response on October 26, 2010 (Doc. No. 25) and Plaintiff replied on November 8, 2010 (Doc. No. 27). All three motions are ripe for review and recommendation.

## THE DEFENDANTS' MOTIONS TO DISMISS

### A.   STANDARD OF REVIEW

#### *1.*   **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*,

927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### 2. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* (citations omitted). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

### 3. *Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the

parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing

*Twombly*, 550 U.S. at 555). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citations omitted).

### 4. *Personal Participation*

Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal liability, a plaintiff must show that the official caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Morever, it is well established that a defendant may not be held liable for constitutional violations merely because he or she holds a supervisory position. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 29 S. Ct. at 1948.

**B.     ANALYSIS**

   *1.     Eleventh Amendment Immunity*

The Eleventh Amendment "constitutes a bar to the exercise of federal subject matter jurisdiction." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2009). It states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Amendment has been interpreted to bar a suit by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Suits against state officials in their official capacity should be treated as suits against the state. *Hafer, v. Melo*, 502 U.S. 21, 25 (1991). This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, a § 1983 action may only be brought against a person. *See* 42 U.S.C. § 1983. Neither states nor state officers sued in their official capacity for monetary damages or retrospective equitable relief are persons within the meaning of § 1983. *Will*, 491 U.S. at 70-71.

Eleventh Amendment immunity applies whether the relief sought is legal or equitable. *Johns*, 57 F.3d at 1552. The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). However, claims for injunctive and declaratory relief may, in some

circumstances, proceed against an official in his or her official capacity.[1]  *Id.*  Whether the Eleventh Amendment provides immunity on a claim for injunctive or declaratory relief depends on whether the relief sought is truly prospective.  *Id.* at 1258-59.  If the relief sought is actually retrospective, it is barred by the Eleventh Amendment.  *Id.*

To the extent Plaintiff seeks monetary relief from Defendants in their official capacities, the Eleventh Amendment shields them from liability, and the court lacks jurisdiction over Plaintiff's claims.  *See Starkey ex rel. A.B. v. Boulder Cnty. Soc. Serv.*, 569 F.3d 1244, 1260 (10th Cir. 2009) (noting jurisdictional nature of Eleventh Amendment sovereign immunity). However, to the extent Plaintiff seeks prospective injunctive relief, claims against Defendants in their individual capacities for monetary or equitable relief, the Eleventh Amendment does not bar such claims.  Nevertheless, as described below, Plaintiff's complaint fails pursuant to Fed. R. Civ. P. 12(b)(6) to state any claim against the Defendants and should therefore be dismissed in its entirety.

### *2.   Retaliation*

Defendants argue that Plaintiff has failed to state a claim for retaliation.  To state a First Amendment retaliation claim a plaintiff must allege "1) that the plaintiff was engaged in constitutionally protected activity, 2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity;

---

[1] "A state official in his or her official capacity, when sued for [prospective] injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State."  *Will*, 491 U.S. at 71 n.10 (citations and quotations omitted).

and 3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).

Plaintiff claims that, when he attempted to informally complain about the arbitrary conduct of kitchen staff, he was given a "Low Work Evaluation" which resulted in his placement on RP status and a restriction on communicating with others "in any form." (Compl. at 5, 6.) Plaintiff does not allege facts to suggest that placement on RP status would chill a person of ordinary firmness from filing grievances, or even that the placement on RP status inhibited him from filing grievances. Moreover, Plaintiff fails to allege personal participation by any of the Defendants in his placement on RP status. In fact, Plaintiff indicates that it was his unnamed case manager who placed him on RP status. (*Id.* at 12.) Plaintiff thus fails to allege facts to suggest that an adverse action by any of the named Defendants was substantially motivated by Plaintiff's exercise of protected conduct. Accordingly, Plaintiff has failed to state a claim for retaliation and the claim should be dismissed.

### 3.     *Eighth Amendment Claim*

Defendants also argue that Plaintiff's Eighth Amendment claim fails. The Eighth Amendment's mandate that "cruel and unusual punishments [shall not be] inflicted," U.S. Const. amend. VIII, "draw[s] its meaning from the evolving standards of decency that mark the progress of a maturing society." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Today, it "prohibits punishments which, although not physically barbarous, involve the unnecessary and

wanton infliction of pain . . . ." *Id.* Accordingly, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id.* at 247. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

What a plaintiff must allege in order to state a claim under the Eighth Amendment depends on the type of Eighth Amendment violation at issue. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). A plaintiff alleging an Eighth Amendment violation based on an official's inadequate response to an injury must show "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must allege that, objectively, his medical need was "sufficiently serious" and that the official "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

When complaining that the conditions of confinement violate the Eighth Amendment, a prisoner must allege a deprivation that, objectively, is sufficiently serious to constitute an Eighth Amendment violation and must allege that the prison official was "deliberately indifferent" to a substantial risk of serious harm. *Id.* at 834. The Constitution "does not mandate comfortable prisons and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). In other words, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9.

When a plaintiff claims an Eighth Amendment violation based on an official's use of excessive force, the "core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. In contrast to deliberate indifference claims, a serious injury is not a required element. *See Wilkins v. Gaddy*, __ U.S. __, 130 S.Ct. 1175, 1178 (2010) (per curiam). "This is not to say that the 'absence of serious injury' is irrelevant to the [] inquiry[;] 'the extent of injury suffered [] is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation.'" *Id.* (quoting *Hudson*, 503 U.S. at 7). However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is *not of a sort repugnant to the conscience of mankind*." *Hudson*, 503 U.S. at 9-10 (quotations omitted) (emphasis in original).

Plaintiff has not alleged facts that state a claim under the Eighth Amendment. Plaintiff presents the Eighth Amendment violation as "defined by the physical injury involved, along with the continuous infliction of mental anguish defined by the circumstances related to the mentioned 'restricted privileges' placement." (Compl. at 6, 8.) The restricted privileges of which Plaintiff complains include

> (a) Forcing involuntary servitude under threats of indefinite "Restricted" status; (b) Restricted to [sic] normal recreation activities; (c) Maintained under segregated status; (d) Called last to eat and have lesser portions and less quality of meals; (e) Restricted to buy (except hygiene) any normal canteen items; (f) Subjected to bizarre/total restriction of communication with other inmates. . [sic] "IN ANY FORM."

(*Id.* at 5.)

With regard to the physical injury, Plaintiff has not alleged that Defendants exercised excessive force or were deliberately indifferent to a serious medical need. Indeed, Plaintiff's complaint describes an incident in which he was accidently injured by the actions of other inmates and quotes the response to a grievance Plaintiff filed regarding the accident, which states that "medical attention was provided immediately." (*Id.*)

Thus, the thrust of Plaintiff's allegations appears to raise a conditions-of-confinement claim. However, Plaintiff has not alleged conditions sufficiently serious to state an Eighth Amendment claim. Plaintiff's bare assertion of involuntary servitude does not state a claim. *S. Disposal, Inc.*, 161 F.3d at 1262. The segregation and restrictions on recreational activities, meals, purchases from the canteen, and communication that Plaintiff has alleged are not cruel and unusual in the context of prison life and do not allege a deprivation of any of life's necessities. *Wilson*, 501 U.S. at 298. Further, none of the alleged restrictions can be considered extreme. *Hudson*, 503 U.S. at 9. Moreover, even if the restrictions Plaintiff complains of are considered extreme, Plaintiff has not alleged facts to suggest that Defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff. Plaintiff's threadbare recitation of the deliberate indifference standard—that "Respondents knew facts from which the inference could be drawn that the defendants were exposing the plaintiff to a substantial risk of serious bodily harm, and that they drew the inference" (Compl. at 7, 9, 11, 13)—is insufficient to state a

claim.  *Iqbal*, 129 S.Ct. at 1949.  Accordingly, Plaintiff's Eighth Amendment claim should be dismissed.

### *4.     Equal Protection*

Defendants argue that Plaintiff has failed to state an equal protection claim.  The Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall . . . deny any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  The Tenth Circuit has stated that "an equal protection violation occurs when the government treats someone differently than another who is similarly situated."  *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  "Unless a classification warrants some form of heightened review because it jeopardizes the exercise of a fundamental right or categorizes an individual on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest."  *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

Plaintiff presents his equal protection claim as follows:

> The defendant's violation to [sic] the 14Th. Ame. directed under two forms of discrimination (a) Class-based or racially motivated and (b) "Class of One" discrimination directed with evil desire to punish me for exercise constitutional right and that conditioned an atypical and substantial hardship in relation to ordinary incidents of prison life.

(Compl. at 6, 8, 11, 13.)  Although Plaintiff mentions "class-based or racially motivated" discrimination he has not alleged that he himself is a member of a constitutionally protected

14

class. Nor has he alleged facts to suggest that he was treated differently from anyone else who received a "low work evaluation" or who worked as kitchen staff or who filed grievances or any other applicable grouping. Similarly, although the Supreme Court has recognized a "class of one" equal protection claim "where the plaintiff alleges []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (citations omitted), Plaintiff has not alleged that Defendants intentionally treated him differently from others similarly situated, except by mere conclusory statements. *See Iqbal*, 129 S. Ct. at 1949. In short, Plaintiff has failed to state an equal protection claim and this claim should be dismissed.

### 5.    *Due Process*

Finally, Defendants argue that Plaintiff has failed to state a Fourteenth Amendment due process claim. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. To maintain a procedural due process claim, a plaintiff must prove that 1) the State deprived him of a constitutionally cognizable liberty or property interest and 2) the procedures attendant to that deprivation were not constitutionally sufficient. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

Plaintiff asserts that he was placed on RP status without a hearing. Conditions of confinement that "'impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' *may* create a liberty interest protected by the Due Process

15

Clause." *Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)) (emphasis in original). However Plaintiff has not alleged any facts to suggest that he suffered an atypical and significant deprivation. He does not explain how RP status is an atypical and significant deprivation and his cursory allegation of discrimination "directed with evil desire to punish me for exercise constitutional right [sic] and that conditioned an atypical and substantial hardship in relation to ordinary incidents of prison life" (Compl. at 6, 8, 11, 13) is insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949. Accordingly, Plaintiff's due process claim should be dismissed for failure to state a claim.

Because the court finds that the Eleventh Amendment bars Plaintiff's suit against Defendants in their official capacities and Plaintiff has failed to state any clams against Defendants in their individual capacities, the court need not consider Defendants argument that they are entitled to qualified immunity from suit in their individual capacities.

## PLAINTIFF'S MOTION TO AMEND

Plaintiff seeks to amend his complaint to clarify that he is suing the Defendants in their individual capacities only. (Mot. Amend. at 1.) He also seeks to add the CDOC and the FMCC, both state agencies, as defendants. (*Id.*)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003)*; York v. Cherry Creek Sch. Dist.*

*No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Plaintiff's proposed amendments are futile. As explained above, Plaintiff has failed to state any claims against Defendants. Clarification that he sues Defendants in their individual, rather than official, capacities does not remedy this fatal flaw. Plaintiff's efforts to add the CDOC and FMCC as defendants are also futile because the Eleventh Amendment bars suit against these agencies as entities that are "arms of the state." *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988).

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that Defendants Motions to Dismiss (Docs. No. 13 & 22) be GRANTED and Plaintiff's Motion to Amend (Doc. No. 20) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of February, 2011.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge