IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01272-PAB-KMT

MARCO A. ROCHA,

     Plaintiff,

v.

A. ZAVARAS, CDOC Director,
RON LEYBA, FMCC Warden,
LT. POTTER, FMCC,
SGT. STEVENS, FMCC, and
OTHER UNNAMED DEFENDANTS UNDER THEIR OFFICIAL AND INDIVIDUAL
     CAPACITIES,

     Defendants.

---

# ORDER

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 28] filed on February 9, 2011. Magistrate Judge Kathleen M. Tafoya recommends that the Court grant defendants' motions to dismiss [Docket Nos. 13, 22] and deny plaintiff's motion to amend his complaint [Docket No. 20]. Plaintiff filed timely objections [Docket No. 29]. The Court, therefore, "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3), and reviews the pro se plaintiff's filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Recommendation accurately summarizes the complaint's factual allegations as follows:

> Plaintiff is incarcerated within the Colorado Department of Corrections. He asserts various claims relating to his placement on "restricted privileges" (RP) status and an injury he suffered while moving a metal structure while on RP status. Plaintiff alleges that, on June 5, 2008, in response to his attempt to informally complain about the arbitrary conduct of kitchen staff, the kitchen supervisor gave him a "low work evaluation" which resulted in his placement on RP status. According to Plaintiff, on June 11, 2008, Defendant Stevens ordered inmates on RP status, dressed in orange jumpsuits, to help inmates not on RP status, dressed in green jumpsuits, move a heavy metal structure. Defendant Potter instructed the inmates to unload the structure before moving it and left the "greens" in charge of the project. Plaintiff alleges that the inmates in green were not allowed to communicate "in any form with the inmates in orange." Due to this lack of communication, some inmates pushed the metal structure without warning Plaintiff who was unloading the structure, pressing him between a metal fence and sharp metal object. He suffered "a serious cut [to his] hand and arm [that required] 8 stitches and 2 fliers."

Docket No. 28 at 2 (citations omitted, alterations in original). Plaintiff alleges that the foregoing supports claims against the defendants pursuant to 42 U.S.C. § 1983 for violation of the First, Eighth, and Fourteenth Amendments.

Plaintiff objects to the Recommendation's conclusion that he is barred from bringing claims for monetary relief against defendants in their official capacities. The Eleventh Amendment, however, bars suits in federal court against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Henderson v. Jones* 378 F. App'x 808, 809 (10th Cir. 2010) ("[T]he district court correctly concluded that to the extent that [the plaintiff] has raised claims for monetary damages against the defendants in their official capacities, such claims are barred by the Eleventh Amendment."). The immunity conferred by the Eleventh Amendment extends to a state and its instrumentalities, including state agencies. *See Northern Ins. Co. of New York v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006); *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (immunity extends to the state, its instrumentalities, and its

officers in their official capacities).  Colorado has not waived its Eleventh Amendment immunity.  *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (holding that Colorado Governmental Immunity Act, Colo. Rev. Stat. § 24-10-101, *et seq.*, does not waive the State's Constitutional immunity; affirming dismissal of claims against the State and its Department of Corrections).  Nor has Congress abrogated state sovereign immunity for claims brought under 42 U.S.C. § 1983.  *Quern v. Jordan*, 440 U.S. 332, 341 (1979).  Therefore, the Court may not exercise subject matter jurisdiction over plaintiff's claims to the extent such claims seek monetary relief against defendants for actions taken in their official capacities.  *See Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000).

Plaintiff has brought claims against defendants Zavaras and Leyba in their individual capacities for failure to supervise.  Personal participation in the alleged constitutional violation is an essential element of a § 1983 action.  *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir.1976).  Here, plaintiff has failed to allege facts showing an affirmative link between the alleged constitutional violations and either defendant Zavaras' or Leyba's participation, control, direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.1993).  Therefore, plaintiff's claims against defendants Zavaras and Leyba in their individual capacities must be dismissed.

Turning to the substance of plaintiff's constitutional claims, the Court agrees with the Recommendation that plaintiff has not asserted a viable First Amendment retaliation claim against any of the defendants because he failed to allege facts supporting the necessary element that "defendant's actions caused the plaintiff to suffer an injury that

would chill a person of ordinary firmness from continuing to engage in that activity. *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1203 (10th Cir. 2007) (citation omitted). The Court also agrees with the Recommendation that plaintiff fails to allege personal participation by any of the defendants in placing him on RP status.

Plaintiff's factual allegations also fail to state a claim for deliberate indifference in violation of the Eighth Amendment.[1] "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Not every injury suffered by a prison inmate gives rise to liability for a constitutional violation. *See id.* Rather, plaintiff must allege that defendants were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In other words, plaintiff must demonstrate both that the injury he suffered was, as an objective matter, sufficiently serious and that defendants subjectively acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916. In this case, plaintiff has identified no medical need or condition of confinement that is objectively serious enough to trigger Eighth Amendment protection. Nor has plaintiff alleged any facts showing that any defendant "k[new] of and disregard[ed] an excessive risk to [his] health or safety." *Farmer*, 511 U.S. at 837.

---

[1] Plaintiff does not allege that any defendant used force against him. *See Wallin v. Dycus*, No. 03-cv-00174-CMA-MJW, 2009 WL 2490127, at *4 (D. Colo. Aug. 13, 2009) ("[I]t is well established that claim for excessive force is separate in legal theory from a claim for deliberate indifference.").

4

Plaintiff asserts claims for violation of the equal protection and due process clauses of the Fourteenth Amendment. In regard to his equal protection claim, the Recommendation correctly stated that, "[a]lthough plaintiff mentions 'class-based or racially motivated' discrimination[,] he has not alleged that he himself is a member of a constitutionally protected class." Docket No. 28 at 14-15. Furthermore, plaintiff fails to allege sufficient facts to support his "class of one" equal protections claim, as his complaint lacks any facts showing that he was intentionally treated differently than other similarly-situated individuals or that his treatment lacked any rational basis. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). Finally, plaintiff's placement in RP status without a hearing does not support a procedural due process claim. As the Recommendation correctly concluded, plaintiff's complaint lacks any allegations showing that he was deprived of a liberty interest as there is no suggestion that his RP status "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006); *Wojtkiewicz v. Zavaras*, 89 F.3d 852 (10th Cir. 1996) (unpublished) (rejecting due process and Eighth Amendment claims based on "restricted privileges" placement).

Plaintiff filed a motion to amend his complaint [Docket No. 20]. Because none of the proposed changes he identifies in his motion would cure the pleading deficiencies addressed above, the Court will deny plaintiff's motion to amend as futile. *See*

*Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile."). Moreover, although the motion to amend was filed before the Recommendation, plaintiff's objection to the Recommendation does not identify any basis for amending the complaint other than that identified in his motion to amend.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 28] is ACCEPTED. It is further

**ORDERED** defendants' motions to dismiss [Docket Nos. 13, 22] are GRANTED. Plaintiff's complaint is dismissed in its entirety. It is further

**ORDERED** that plaintiff's motion to amend his complaint [Docket No. 20] is DENIED. It is further

**ORDERED** that, in accordance with the foregoing, judgment shall enter in favor of defendants and against plaintiff.

DATED February 28, 2011.

              BY THE COURT:

              s/Philip A. Brimmer
              PHILIP A. BRIMMER
              United States District Judge